IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16-2779 JB |
| | ) | |
| vs. | ) | |
| | ) | |
| HERMAN LEYVOUNE WILSON, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT WILSON'S NOTICE OF APPEAL OF THE COURT'S DETENTION ORDER (Doc. 11)**

The United States hereby responds in opposition to Defendant Wilson's appeal of this Court's order that he remain in custody pending trial. Chief United States Magistrate Judge Molzen thoughtfully considered each of the pertinent factors relating to the question of Defendant Wilson's detention under 18 U.S.C. § 3142(g), and then ordered him to be detained pending trial.[1] The United States respectfully submits that after this Court analyzes the facts of this case under 18 U.S.C. § 3142(g) *de novo*, it will conclude that Chief Judge Molzen's decision was correct and that Defendant Wilson's continued detention is required.

Under 18 U.S.C. § 3142(g)(1), this Court is to consider the nature and circumstances of the offense "including whether the offense … involves a firearm." Here, not only is a firearm involved but it is a stolen firearm. In addition, Defendant Wilson, who already has a conviction for being a felon illegally in possession of a firearm, has admitted that he possessed the stolen gun that is involved in this case for about a year. This first factor, then, involving the lengthy

---

[1] Chief Judge Molzen also had the unique opportunity to judge Defendant Wilson's demeanor, body language, tone, and apparent lack of self-control during his outburst that was directed at counsel for the United States and the Pretrial Services Officer, with whom he disagreed regarding his detention.

possession of a stolen gun, weighs heavily in favor of detention.

The weight of the evidence against the defendant, which is the second factor the Court is to consider under 18 U.S.C. § 3142(g)(2), cannot be overstated.  Not only did Defendant Wilson admit to law enforcement that he possessed the gun that was recovered from his apartment, he also admitted the same thing to Chief Judge Molzen at his detention hearing.  There also can be no question that Defendant Wilson is a felon several times over.  In addition to admitting his criminal record to Chief Judge Molzen, certified copies of his convictions prove that he has been convicted of armed robbery (firearm enhancement), armed robbery, conspiracy to commit armed robbery, another armed robbery, another conspiracy to commit armed robbery, kidnapping, and felon in possession of a firearm.  As he points out in his Notice, Defendant Wilson's convictions earned him prison sentences of 39.5 years (19.5 years suspended) and 13 years (11.75 years suspended).  Chief Judge Molzen pointed out Defendant Wilson's confessions to being a felon in possession in explaining to him her decision to detain him.  The strength of the evidence in this case overwhelmingly weighs in favor of detention.

Under 18 U.S.C. § 3142(g)(3), the Court is to next consider the defendant's history and characteristics.  Defendant Wilson's history and characteristics are that of a violent felon.  His convictions, outlined above, demonstrate that.  He is also someone whose prior conviction for illegally possessing a firearm did not dissuade him from committing that crime again.  Defendant Wilson points out that his convictions stem from criminal activity that took place nearly 20 years ago.  While that may be true, it is important to consider that for a significant portion of those 20 years, Defendant Wilson was in prison.  Then, within a few years of being released, when he purportedly "matured and transformed himself into a useful citizen," Notice at 3, Defendant

Wilson decided to break the law again and illegally possess a gun and ammunition.[2]   His residence, which Defendant Wilson cites in his Notice as an apparent positive for him, is where he illegally possessed the stolen gun and ammunition for the year leading up to his arrest.   Defendant Wilson's history and characteristics demonstrate that he should continue to be detained.

Finally, under 18 U.S.C. § 3142(g)(4), the Court is to consider the danger the defendant presents to the community.   That danger, as demonstrated by Defendant Wilson's criminal history and his conduct in this case, cannot be denied.   The community should not be exposed to the danger that Defendant Wilson, a repeat armed robber and a kidnapper, who has demonstrated his refusal to follow the law and stay away from guns, presents.   This factor, too, demonstrates that Defendant Wilson's detention is proper.

In light of the serious firearms charge the defendant is facing, the strength of the evidence against him, and the danger he poses to the community, Defendant Wilson's appeal should be denied and he should continue to be detained.

Respectfully submitted,

DAMON P. MARTINEZ
UNITED STATES ATTORNEY

*Electronically filed on 7/8/16*
Dean Tuckman
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

---

[2] While not as serious as illegally possessing a firearm, Pretrial Services noted that after being released from prison, Defendant Wilson was cited for multiple traffic infractions from 2010 to 2015.   And, as Defendant Wilson points out, Pretrial Services reports a 2011 probation violation for possessing drugs.

3

I hereby certify that on July 8, 2016,
this document was filed electronically through
the Court's CM/ECF system which is designed
to provide service to counsel of record.

*Electronically filed on 7/8 /16*
Dean Tuckman
Assistant United States Attorney