IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 16-3065 JB |
| | ) | |
| | ) | |
| **HERMAN LEYVOUNE WILSON, JR.,** | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' SENTENCING MEMORANDUM

The United States hereby submits this sentencing memorandum in the above-referenced case. As grounds therefore, the United States provides the following:

## CASE SUMMARY

The Defendant pleaded guilty to a one-count indictment charging a violation of 18 U.S.C. § 922(g)(1), that being felon in possession of a firearm. Under the plea agreement, the United States agrees to recommend a sentence of 57 months' imprisonment, while the defendant has reserved the right to assert or argue any position with regard to the sentence to be imposed. Plea Agreement ¶¶ 8, 9 (Doc. 28). The advisory guideline range of imprisonment is 57 to 71 months. Presentence Report (PSR) at ¶ 69. The United States objects to neither the facts stated in the PSR nor the PSR's calculation of the advisory guideline range.

## ARGUMENT

The defendant argues that a sentence at the low end of the guidelines range is greater than necessary to satisfy the purposes of 18 U.S.C. § 3553(a). The United States respectfully disagrees. The offense conduct that makes the defendant a prohibited person under 18 U.S.C. § 922(g) is far more serious than what is necessary to trigger application of 18 U.S.C. § 922(g) and further evinces history and characteristics that warrant a sentence at least at the low end of the

1

guidelines range.    Moreover, contrary to his assertion, the defendant is not a changed man but in his offense conduct has demonstrated a continuing pattern of illegal conduct the most reasonable ultimate outcome of which is a repeat of his past violent conduct.

**A.  The defendant is not just any felon, but a repeat violent felon.**

The legislative history of 18 U.S.C. § 922(g) makes clear that the statute seeks "to keep guns out of the hands of those who have demonstrated that 'they may not be trusted to possess a firearm without becoming a threat to society.'"    *Scarborough v. United States*, 431 U.S. 563, 572 (1977)(quoting 114 Cong. Rec. 13869 (1968)).    A person convicted of a felony is just such a person and is considered "presumptively dangerous" under 18 U.S.C. § 922(g).    *Lewis v. United States*, 445 U.S. 55, 63-64 (1980).

The defendant in this case was a convicted felon and thus fell within that class of persons who Congress deemed "presumptively dangerous" and "a threat to society."    The defendant admittedly has a "troubling" criminal history.    Def.'s Sentencing Memo. (Doc. 38) at 5.  Indeed, the defendant was not convicted of just one felony and not just any felony, but rather was convicted of a string of serious violent felonies to include armed robbery and kidnapping.    To the extent that the defendant was convicted of more serious felonies than was necessary to trigger application of 18 U.S.C. § 922(g), he should be considered more "presumptively dangerous" and more of a "threat to society" than Congress contemplated in enacting 18 U.S.C. § 922(g).

As the PSR details, on September 5, 1995, the defendant was charged with armed robbery.    PSR ¶ 35.    He was sentenced to a term of 13 years' imprisonment, 11 years and 9 months of which were suspended.    PSR ¶ 35.    It did not take the defendant long to reoffend.  On April 28, 1997, the defendant was charged with armed robbery, conspiracy, kidnapping, and possession of a firearm by a felon.    PSR ¶ 36.    These charges arose from an incident during

which the defendant entered a Wienerschnitzel restaurant and pointed a gun at an employee's neck while forcing her to lead him to a safe from which he took approximately $1,800.  PSR at ¶ 36.  For these violent offenses, the defendant was convicted and sentenced to a term of imprisonment of 18 years.  PSR at ¶ 36.  The defendant was discharged from this term of imprisonment in 2008 and entered upon probation.  PSR at ¶ 36.  He violated the terms of his probation but ultimately was discharged from this sentence on April 25, 2013.  PSR at ¶¶ 36, 85.

Based on the foregoing history and personal characteristics, the defendant is not a garden-variety felon-in-possession.  Rather, of those Congress sought to keep from possessing firearms, the defendant would be near the top of the list as someone who is particularly dangerous and poses more than the ordinary threat to society.  To be sure, commission of the instant offense would have made the defendant eligible for punishment under the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e), and thus subject to a mandatory 15-year term of imprisonment, had the defendant committed just one other violent felony.  In short, the defendant is just one "strike" away from "striking out" under the ACCA.  Under these circumstances, a guidelines sentence reflects the serious nature of the offense within the context of the serious harms Congress intended to prevent in enacting 18 U.S.C. §§ 922(g) and 924(e).

    **B.   The defendant is not a changed man.**

The defendant argues that he is a changed man and that a sentence at the low end of the guidelines range is greater than necessary to satisfy the purposes of 18 U.S.C. § 3553(a). Notwithstanding his two prior armed robbery convictions, his felon-in-possession conviction, and the lengthy prison term he served for these offenses, the defendant again wasted little time in re-offending, arming himself again in knowing violation of the law.  These facts did not come to light because the defendant turned himself in, as the defendant suggests.  The defendant did

3

not turn himself in: he was confronted by law enforcement and told they had information that he had a firearm. In fact, the defendant had been in possession of a stolen firearm for quite some time. This was a firearm obtained by stealth and secreted for no legitimate purpose.

The defendant argues that he has been a changed man since his discharge from his latest term of imprisonment. The facts belie this claim. To the contrary, the facts show that the defendant, previously convicted of a string of violent felonies, including armed robbery and kidnapping, and previously convicted of being a felon in a possession of a firearm, has embarked yet again on a course of action that made him particularly dangerous and more than an ordinary threat to society. He has done this despite his claimed religious conversion and employment. Unfortunately, the defendant's history and characteristics over the last twenty-plus years speak to the kind of violence of which he is capable when armed. This Court must consider the defendant's history of violent crime and the defendant's characteristics and propensity to violence in arriving at its sentence. The Court should also not forget that firearms such as the kind the defendant possessed have but one purpose—to kill human beings. The defendant could not have possessed this firearm for any good purpose and, given his history and characteristics, there is every reason to believe that, but for the defendant's arrest, the danger and threat to society 18 U.S.C. § 922(g) was enacted to prevent would have been tragically realized, perhaps even at the loss of innocent life.

## CONCLUSION

Given the totality of the undisputed facts detailed in the PSR and for the reasons stated above, a sentence of 57 months' imprisonment is no greater than necessary to satisfy the purposes of 18 U.S.C. § 3553(a). The nature and circumstances of the instant offense and the history and characteristics of the defendant warrant a low-end guidelines sentence, as does the need for a sentence that reflects the seriousness of the offense, affords adequate deterrence to

criminal conduct, promotes respect for the law, and provides just punishment for the offense.

                                                      Respectfully submitted,

                                                     DAMON P. MARTINEZ
                                                     United States Attorney

                                                     ***Electronically filed 1/23/2017***
                                                     GEORGE C. KRAEHE
                                                     Assistant U.S. Attorney
                                                     P.O. Box 607
                                                     Albuquerque, New Mexico 87103
                                                     (505) 346-7274

I HEREBY CERTIFY that on the 23rd day of January 2017, I filed the foregoing pleading electronically through the CM/ECF system, which caused counsel of record for defendant to be served by electronic means.

***Filed Electronically***
GEORGE C. KRAEHE
Assistant U.S. Attorney